CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 04 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNATHAN LEE X SMITH, ) | |
| Plaintiff, ) | Civil Action No. 7:09cv00097 |
| ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| WARDEN DILLMAN, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

This matter is before the court upon plaintiff's motion for a preliminary injunction [Docket #3]. Plaintiff requests that this court issue a order directing the defendants to immediately transport plaintiff to "an off-site medical facility to be provided adequate medical treatment" concerning his inguinal hernia and "forbidding" defendants from "transferring plaintiff to any other prison before providing him adequate medical care." The court finds no basis for granting preliminary injunctive relief and, therefore, denies plaintiff's motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., __ U.S. __, 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).[1]

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make

---

[1] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).

In this case, plaintiff has not met his burden under Winter. In his motion, plaintiff does not make a "clear showing" that his medical care claim will succeed on its merits[2] nor does he allege any actual and imminent irreparable harm[3]. Further, the plaintiff does not show that the equities tip in his favor or that an injunction is in the public interest. Accordingly, it is hereby

## ORDERED

that plaintiff's motion for a preliminary injunction shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 4th of November, 2009.

United States District Judge

---

[2] Plaintiff has had many doctors appointments while at Green Rock Correctional Center and his hernia-repair surgery has been scheduled multiple times and then postponed for various reasons. After several medical consultations and evaluations, plaintiff's surgery was initially scheduled on April 3, 2009, but postponed when the Medical College of Virginia Hospital ("MCV") physician did not clear plaintiff for surgery because he had fluid overload. Plaintiff was re-evaluated for surgery on June 2, 2009, and the MCV physician determined that additional testing and evaluations needed to be performed before plaintiff could undergo surgery. In August and September 2009, plaintiff was evaluated for surgery again at least four times. Surgery was then scheduled for September 29, 2009. On September 28, 2009, defendants attempted to bring plaintiff to the medical unit for overnight evaluation prior to the surgery and plaintiff refused to stay in the medical unit. Accordingly, surgery was again postponed. Based on the foregoing, the court finds that plaintiff has not made a "clear showing" that the defendants were deliberately indifferent to a serious medical need and, thus, that he is likely to succeed on the merits of his claim.

[3] Plaintiff alleges that he is in pain as a result of his inguinal hernia and that he has a "fear of dying"; however, the court finds that his allegations of pain do not suggest irreparable damage and his fear of dying is merely speculative.