CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2011

JULIA ᴅUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNATHAN LEE X SMITH,<br>    Plaintiff, | ) ) | Civil Action No. 7:09cv00097 |
| | ) ) | **FINAL ORDER ADOPTING** |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| JEFFREY DILLMAN, et al.,<br>    Defendants. | ) ) ) | By: Samuel G. Wilson<br>United States District Judge |

---

| | | |
|---|---|---|
| JOHNATHAN LEE X SMITH,<br>    Plaintiff, | ) ) | Civil Action No. 7:09cv00462 |
| | ) ) | **FINAL ORDER ADOPTING** |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| LAWRENCE WANG, et al.,<br>    Defendants. | ) ) ) | By: Samuel G. Wilson<br>United States District Judge |

Johnathan Lee X Smith, a Virginia inmate proceeding pro se, brings these actions pursuant to 42 U.S.C. § 1983, claiming that defendants were deliberately indifferent to his serious medical needs. Smith has filed at least three previous lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim[1] and, thus, he cannot proceed with his current actions without prepayment of fees unless he us in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge subsequently conducted an evidentiary hearing on the matter and filed a report, finding that Smith was not in imminent danger of serious physical harm and that his claims nevertheless failed on their merits because Smith had not demonstrated that the defendants were deliberately indifferent to any serious medical need. Accordingly, the

---

[1] See Smith v. Mueller, No. 96-7602 (4th Cir. Jan. 29, 1997) (recognizing plaintiff as a three-striker under the PLRA); Smith v. Commonwealth of Virginia, No. 7:97cv00723 (W.D. Va. Dec. 17, 1997); Smith v. Ailstock, No. 3:96cv00339 (E.D. Va. Apr. 23, 1996); Smith v. Ailstock, No. 7:95cv00939 (W.D. Va. Aug. 28, 1995).

Magistrate Judge recommends that the court deny Smith's requests to proceed in forma pauperis and dismiss these actions pursuant to § 1915(g).[2] Smith filed objections to the Report and Recommendation, largely reiterating the arguments made in his pleadings and at the evidentiary hearing. Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record de novo in accordance with § 636(b)(1), the court agrees with the Magistrate Judge's recommendation.

Further, to the extent that Smith challenges the Magistrate Judge's rulings on Smith's motions for sanctions, for discovery, and for the appointment of an expert witness, the court finds that the motions were properly denied.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Smith's objections to the Report and Recommendation are **OVERRULED**; the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety; Smith's requests to proceed in forma pauperis are **DENIED**; these cases are **DISMISSED** pursuant to § 1915(g)[3]; all other pending motions are **DISMISSED as moot**; and these matters are **STRICKEN** from the active docket of the court.

The Clerk of the Court is directed to send a certified copy of this Order to the plaintiff.

ENTER: This 31st day of January, 2011.

United States District Judge

---

[2] Alternatively, the Magistrate Judge recommends that the court dismiss Smith's complaint as frivolous pursuant to 28 U.S.C. § 1915A.

[3] The court notes that it also agrees with the Magistrate Judge's recommendation that Smith's claims, if they were not barred by § 1915(g), be dismissed as frivolous. Smith was at Green Rock for nearly a year, from January 30, 2009 to January 20, 2010. The record demonstrate that during his time at Green Rock, Smith's Green Rock medical records and treatment notes number eighteen pages, and contain entries on 56 separate days. There are multiple entries for each month Smith was incarcerated at Green Rock. The record reflects that the defendants routinely monitored, evaluated, and treated where necessary, Smith's medical needs throughout the entire year that he was at Green Rock. Based on this, the court finds that any claim of deliberate indifference by the defendants as to Smith's medical needs is extraordinarily frivolous.